**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 23-4670**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ALVESTER AARON WILLIAMS, JR.,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:22-cr-00227-M-KS-1)

─────────

Submitted:  June 13, 2024                               Decided:  June 17, 2024

─────────

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

─────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvester Aaron Williams, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1344(1), (2). The district court sentenced him to 44 months' imprisonment, to be followed by five years of supervised release. On appeal, Williams' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Williams' sentence is procedurally reasonable. Although notified of his right to do so, Williams has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by Williams' waiver of the right to appeal included in the plea agreement. We dismiss in part and affirm in part.

Our review of the record confirms that Williams knowingly, voluntarily, and intelligently waived his right to appeal and, thus, that the appeal waiver is valid and enforceable. *See United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (explaining that "we will enforce [a] waiver" as to any issue within its scope if "the totality of the circumstances" reflect that the defendant entered into the waiver "knowingly and intelligently" (internal quotation marks omitted)). In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal that fall outside the waiver's scope. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm the criminal judgment.

This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a

2

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*